IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSEPH CASTILLO, | § § § | |
|     *Plaintiff*, | § § | SA-22-CV-00735-JKP |
| vs. | § § | |
| LAPEAU, L.P., | § § § | |
|     *Defendant.* | § § | |

# ORDER

Before the Court in the above-styled cause of action is Plaintiff's Corrected Motion for Substitute Service of Process [#10].[1] By his motion, Plaintiff asks the Court to permit him to serve Defendant Lapeau, L.P. by alternative service pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. According to Plaintiff's motion, he has attempted to serve Lapeau's registered agent, Reagan Freiling, on numerous occasions by personal delivery but has been unsuccessful. Additionally, although Plaintiff received correspondence from Defendant's counsel, Michael Flume, on June 29, 2022, when Plaintiff inquired by email if Mr. Flume had authority to accept service on behalf of his client, Plaintiff received no response. Plaintiff asks for permission to serve Lapeau by (1) registered or certified mail, return receipt requested, and (2) by social media, email to Defendant's attorney and any email address associated with Mr. Freiling, or any other technology that would give Defendant reasonable notice as set out in Rule 4(e).

Attached to Plaintiff's motion is the Affidavit of Christopher McCloy, Plaintiff's process server, regarding his efforts to locate and serve Lapeau through its registered agent, Mr. Freiling.

---

[1] Plaintiff's Corrected Motion is substantively identical to his initial motion and was filed to correct a scrivener's error.

1

(McCloy Aff. [#9], at 5.)[2]  Plaintiff also attaches the Texas Secretary of State registration for Lapeau, listing Mr. Freiling as the registered agent and the address where service was attempted as the place for service.  (Lapeau Registration [#9], at 7.)  The Bexar County Central Appraisal District lists this address as the homestead of Mr. Freiling.  (Appraisal Records [#9], at 9.)  Mr. McCloy states that he made attempts at service on Mr. Freiling's place of residence on July 28, 29, and 30, 2022, as well as August 1 and 2, 2022.  (McCloy Aff. [#9], at 5.)  At all times, there was no answer at the door and no sign of anyone present, aside from a car registered to Belinda Freiling parked in the driveway on two of the service attempts.  (*Id.*)

Federal Rule of Civil Procedure 4(e)(1) provides that "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(e)(1).  Texas Rule of Civil Procedure 106 provides:

> (b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service
>
> (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or
>
> (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

---

[2] Plaintiff failed to attach any exhibits to his corrected motion.  Accordingly, the undersigned cites the exhibits attached to the original motion.

Tex. R. Civ. P. 106(b). Accordingly, if a plaintiff's attempts to serve a defendant in person are unsuccessful, a court may authorize substitute service upon receipt of an affidavit satisfying Rule 106(b). *See State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993).

The Court will grant the motion. Plaintiff has established that Mr. Freiling is the registered agent of Lapeau and resides at the address where personal service has been attempted unsuccessfully on five occasions. The Court will therefore grant Plaintiff's motion and order substitute service as requested such that Plaintiff may mail a copy of the Complaint and summons, registered or certified mail, return receipt requested, and by social media and email to Defendant's attorney and any email address associated with Mr. Freiling or any other technology that would give Defendant reasonable notice as permitted by Rule 106 of the Texas Rules of Civil Procedure and Rule 4(e) of the Federal Rules.

**IT IS THEREFORE ORDERED** that Plaintiff's Corrected Motion for Substitute Service of Process [#10] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff may serve Defendant Lapeau, L.P., by substitute service as set forth herein.

**IT IS FINALLY ORDERED** that service must be completed by **October 11, 2022**, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

SIGNED this 16th day of September, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE